UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PETER LEWIS GORDON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil No. 06-160-B-W |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON
28 U.S.C. § 2254 PETITION**

Back in 1996 Peter Gordon was charged in two different indictments with a total of forty-two counts of burglary and thirty-one counts of theft. He pled guilty to all but four counts and, as part of a plea agreement, he was sentenced to ten years imprisonment, with all but six years suspended on the, most serious, Class B counts, followed by a four-year period of probation with special conditions as a chaser.[1] Gordon was also ordered to pay victim compensation fees totaling $1045. Gordon has had his probation revoked vis-à-vis these conviction five times between May 2002 and May 2006.

Gordon has filed a 28 U.S.C. § 2254 petition listing four grounds. The State of Maine has filed a motion to dismiss. For the following reasons, I recommend that the Court deny Gordon 28 U.S.C. § 2254 relief.

*Discussion*

Gordon may not bring habeas claims to the federal court unless he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Of import

---

[1] Gordon was also sentenced to two-year and six-month concurrent terms of imprisonment on other counts.

to this § 2254 petition, this provision requires that Gordon "present[ed] the federal constitutional issue to the state courts for their decision." Goodrich v. Hall, 448 F.3d 45, 47-48 (1st Cir. 2006) (emphasis added) (citing 28 U.S.C. § 2254(b),(c) and Picard v. Connor, 404 U.S. 270, 275 (1971)). Furthermore, a one-year period of limitation for a writ of habeas corpus by a person, such as Gordon, in custody pursuant to the judgment of a State court runs from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Additionally, this Court cannot review the merits of claims that the state court has rejected on an independent and adequate state ground. See Olszewski v. Spencer, 466 F.3d 47, 62 (1st Cir. 2006). Gordon's 28 U.S.C. § 2254 petition raises serious concerns under each of these three review-limiting doctrines.

### *Gordon's four 28 U.S.C. § 2254 grounds*

The four 28 U.S.C. § 2254 grounds presented in Gordon's form-28 U.S.C. § 2254 petition are as follows.

- First, he asserts that in 2001 the District Attorney "switched [his] case file around" and tried to make Gordon pay fines when he had two years left on his sentence. In April of that year, without Gordon appearing in court, Gordon was ordered to pay $100 a week commencing June 2005. Gordon believes that his 2006 order to pay the fine revives (I assume he means for 28 U.S.C. § 2244(d)(1) timeliness purposes) his claims relating to the 1996 plea agreement.
- Second, Gordon complains that in a 2003 revocation proceeding -- stemming from an assault -- the same District Attorney "switched around" the testimony of another District Attorney so that not only was Gordon ordered not to have contact with his victim Jamie Davern, but he was ordered not to have any contact with Davern's family in addition. Gordon believes that this was done by the District Attorney as a favor to Davern's mother who was an associate clerk of the superior court.
- Third, Gordon believes that in 2004 his driver's license was illegally suspended for unpaid fines. He states that the April 2001, order (establishing a fee payment

---

[2]  Nothing in Gordon's pleadings implicates the remaining three § 2244(d)(1) limitation triggers.

2

   schedule) provided that he did not have to pay fines, fees, and court costs until the
   end of his probation.
- Fourth, and finally, Gordon pleads an ineffective assistance of counsel claim in
  which he contends that during revocation proceedings in 2003 he asked for a jury
  trial and a change of venue when he found out that Davern's mother worked for
  the superior court but his attorney failed to "back" Gordon for his "appeal."

*Gordon's Efforts to Demonstrate Exhaustion*

In a separate memorandum in support of his 28 U.S.C. § 2254 petition Gordon asserts that in his pleadings filed in the superior court following the May 12, 2006, fifth revocation of his probation he complained that the presiding judge went beyond his authority when, in contravention of the 1996 plea agreement, he "superseded" the 1996 plea agreement. Gordon cites to his pleadings in the wake of the revocation.

In a motion to the presiding state court judge asking him to revise and revoke the 2006 order, Gordon also argued that the judged "superseded" the 1996 judgment without Gordon or counsel being present. Gordon complained about suspension of his license and warrants for his arrest for unpaid fines. Apropos this motion, the judge ruled: "The defendant was represented by Atty Peter Barnett on 5/12/06 when he admitted the probation revocation and was sentenced pursuant to a plea agreement. All fines have been paid and all license suspensions have been restored."

Next, in a motion for correction or reduction of sentence pursuant to Maine Rule of Criminal Procedure 35, Gordon complained that the judge presiding over the 2006 revocation failed to read the entire order of the 1996 sentencing judge. He states that he also believed that he was under duress and was forced to admit to the charges in fear of a kangaroo court system and due to the misrepresentations of his attorney. This motion was summarily denied.

Then, in a memorandum seeking the review of the Maine Law Court, Gordon complained about the expansion of the 2003 no-contact condition to include Davern's family and his lawyer's refusal to get him a change of venue. He asserted that his lawyer would only offer him a plea deal of ninety-days revocation which he refused but, later, under duress he had to take the deal that he had refused in the first place. Gordon further lamented that in 2004 a judge took it upon himself to suspend his driver's license for the unpaid fines and fees, and costs that were waived by the 1996 sentencing judge. He claims he was never given notice of this action and he was picked up for operating after a suspension and possession of a suspended license. His lawyer refused to listen to what Gordon had to say on this score. With regards to the 2005, proceedings, Gordon contended to the Law Court that the presiding judge again refused to read his 1996 sentence and he allowed the issuance of a warrant for Gordon's arrest. As a consequence, while he was working Gordon was pulled over in a routine traffic stop, he was searched because of this warrant, and a pot pipe was discovered. Gordon asserted that this did not amount to new criminal conduct justifying revocation. Finally, Gordon complained to the Law Court apropos the 2006 suspension of his driver's license for a $10.00 fee. He indicated that he went to the court to pay the fee and then to the Department of Motor Vehicles to pay the reinstatement fee. Gordon then received in the mail a letter giving him a short time to pay off all the fines, fees, and costs (which he believes the 1996 judge had waived) or face suspension of his license. Gordon not being able to earn this money in time, an arrest warrant issued and in another routine traffic stop – a head light out – he was searched because of this warrant and found with a usable amount of marijuana resulting in his most recent revocation. Again, it was Gordon's contention to the Law

Court that he really had no new criminal conduct that could, by law, be considered as grounds for revocation.

In response to Gordon's request for a certificate of probable cause, the Maine Law Court ruled:

> We have reviewed the judgment entered in the Superior Court, and have fully considered the petition and its request for a certificate of probable cause, as well as the accompanying memoranda.  The Petitioner contends that the Superior Court erred or exceeded its discretion in failing to appreciate that all fines, fees, and court costs were suspended until the end of his probation.  While petitioner's appeal is untimely, his position is not borne out by the record.  Based on our review, we determine that no further hearing or other action is necessary to a fair disposition of the matter.

(Order Denying Certificate Probable Cause at 1) (emphasis added).

### *Reasons for denying Gordon 28 U.S.C. § 2254 relief*

Apropos all four of Gordon's 28 U.S.C. § 2254 grounds, I agree with the State that he did not fairly present them in a timely manner to the state courts – as he took no steps to timely challenge those revocations through the appropriate state proceedings-- and he cannot meet the § 2254(b)(1)(A) exhaustion requirement.   With regards to his first three grounds and the 28 U.S.C.§ 2244(d)(1)(A) exhaustion requirement, Gordon relies solely on his 2006 pleadings to the probation revocation court and the Maine Law Court in arguing that he has sufficiently exhausted these grounds relating to the much earlier revocations stemming from the interpretation of the April 2001 fine payment orders[3] and

---

[3]  Vis-à-vis the two fine-related claims, the State cites to this court's Perry v. Maine, Civ. No. 06-217-P-H, 2007 WL 530381, *3 (D.Me. Fe. 13, 2007) for the proposition that Gordon cannot pursue claims stemming from his non-payment of fines. However, the precedent cited in Perry was that "habeas is not available as a remedy for fine-only convictions although the defendant remains subject to the supervision of the court and failure to pay the fine could result in incarceration." Tinder v. Paula, 725 F.2d 801, 804 (1st Cir. 1984) (emphasis added) (collecting cases); accord Obado v. New Jersey, 328 F.3d 716, 717-18 (3d Cir. 2003).  Gordon is claiming that the state court's fine obligation did result in his re-incarceration.

the alleged expansion of the no-contact condition of relief.[4] In adjudicating Gordon's Maine Rule of Criminal Procedure 35 pleading, the Maine Law Court phrased its key sentence a bit equivocally, leaving some doubt as to whether it decided the question on the un-timeliness issue (which would present an independent and adequate state law ground barring federal relief) or whether it was actually adjudicating the claims – or both. I need not delve into this analysis, see Johnson v. Pinchak, 392 F.3d 551, 557 -63 (3d Cir. 2004), because, while it may be that Gordon could have framed claims under the United States Constitution to the Maine Law Court in his Rule 35 pleadings he most definitely did not, see Goodrich 448 F.3d at 47-48 (identifying five methods of satisfying the fair presentation requirement), nor has he adequately informed this court how the facts of which he complains generate a Constitutional claim.

Vis-à-vis the exhaustion of his fourth 28 U.S.C. § 2254 ground, Gordon explains in his form § 2254 petition that he did not present this claim to the state court because he thought that his claim regarding the change of testimony in 2003 resulting in the inclusion of a no-contact order for Davern's family was sufficient. His high hopes during the state court proceedings for his other claims would not justify his non-exhaustion of this claim (ironically Gordon's only ground that expressly states a Constitutional claim).

---

[4]  With respect to the fall-back lack-of-merits argument the State of Maine argues, only:
A "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1); Norton v. Spencer, 351 F.3d 1, 6 (1st Cir. 2003); Coombs v. Maine, 202 F.3d 14, 15 (1st Cir. 2000); Kinzel v. Maine, 2004 U.S. Dist. LEXIS 7493 * 10 (D. Me. 2004). The First Circuit has described the burden of overcoming this presumption as a "high hurdle." Creighton v. Hall, 310 F.3d 221, 229 (1st Cir. 2002).
All of Gordon's claims basically revolve around factual issues pertaining to his probation revocation and fine repayment proceedings. Unfortunately for Gordon, the Law Court found as fact that Gordon's assertions in his memorandum seeking to appeal the denial of his untimely Rule 35 motion were not "borne out by the record." This factual finding is presumed to be correct and Gordon has not met his burden of overcoming this presumption, much less by the lofty standard of clear and convincing evidence.
(Mot. Dismiss at 11-12.)

*Conclusion*

For these reasons, I recommend that the Court **DENY** Gordon's 28 U.S.C. § 2254 petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated March 19, 2007.